IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **JEREMY BELL**, and all others similarly situated under 29 USC § 216(b),<br><br>*Plaintiff*,<br><br>v.<br><br>**MADRON SERVICES, Inc., & PHILLIP P. MADRON**, individually,<br><br>*Defendants*. | Case No. 2:17-cv-954<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

<u>CLASS AND COLLECTIVE ACTION COMPLAINT</u>

Jeremy Bell ("Plaintiff") brings this collective and class action individually, on behalf of those similarly situated, and on behalf of the proposed below-defined NM Class Members, and in support shows the Court the following:

## I.  SUMMARY

1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, and an opt-out class action brought pursuant to the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NM Wage Law") and Federal Rule of Civil Procedure 23.

2. Defendants operate the "largest oilfield services company serving the Delaware Basin, Eddy County, New Mexico and Reeves County, Texas."[1] Defendants employed Plaintiff and the below-defined Class Members as non-supervisory field employees ("NSFEs") whose job duties included the performance of manual and technical labor to provide Defendants' products and services to customers at jobsites.

3. Defendants misclassified its NSFEs as exempt from federal and state mandated overtime pay, paid them on a salary or salary plus bonus basis (collectively, "Salary Basis"), and

---
[1] http://www.blackdutchmanagement.com/phil-madron/ (last visited Sept. 12, 2017).

**ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT**                                                   Page - 1

refused to pay them overtime pay despite Plaintiff and other NFSEs paid on a Salary Basis regularly working over 40 hours per workweek ("OT Misclassification Policy").

## II.     PARTIES

4.     Plaintiff Jeremy Bell worked for Defendants as a NSFE in New Mexico in the three years preceding the filings of this case. Defendants specifically employed Plaintiff from approximately January 2015 to April 2015. Plaintiff worked over 40 hours in one or more individual workweeks in New Mexico during that time period. His consent to participate in this lawsuit is attached as Exhibit A to this Complaint.

5.     Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA ("FLSA Class Members"). The FLSA Class Members consist of Defendants' current and former NFSEs paid on a Salary Basis over the last three years. The FLSA Class Members include without limitation such job titles as roustabout, spotter, hand, operator, welder, welder, pumper, laborer, and other job titles performing similar duties that Defendant paid on a Salary Basis.

6.     Plaintiff also brings this action on behalf of Defendants' current and former NFSEs paid on a Salary Basis that worked for Defendant in New Mexico in at least one workweek of more than 40 hours over the past three years ("NM Class Members"). The NM Class Members include without limitation such job titles as roustabout, spotter, driver, hand, operator, welder, welder, pumper, laborer, and other job titles performing similar duties that Defendant paid on a Salary Basis. The NM Class Members and FLSA Class Members are collectively referred to as "Class Members."

7.     Defendant Madron Services, Inc. ("Madron Services") is a New Mexico corporation that operates in New Mexico and Texas. Defendant may be served with process through its agent for service of process Phillip P. Madron, 2859 Pecos Highway, Carlsbad, NM 88220, or wherever it may be found.

8. Defendant Phillip P. Madron ("Mr. Madron") is the president, secretary, treasurer, and owner of Madron Services and can be served at 2859 Pecos Highway, Carlsbad, NM 88220, or wherever he may be found.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

10. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendants. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

11. Venue is proper in the District Court of New Mexico because a substantial portion of the events forming the basis of this suit occurred in this District and because one or more parties resides in this District. Specifically, Defendants reside in this District and the work performed giving rise to his claims occurred in this District.

### IV. FLSA COVERAGE FACTS

12. At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

13. At all times hereinafter mentioned, Defendants constituted employers or joint employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and NM Wage Law.

14. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has

had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).  Plaintiff and the Class Members specifically handled oilfield equipment and tools to perform manual and technical labor to provide Defendants' products and services for customers at job sites

15. At all relevant times, Plaintiff and the Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

## V. FACTUAL ALLEGATIONS

16. Defendants have had business operations throughout the United States, including in New Mexico and this judicial district, and its annual gross volume of sales made or business done exceed $500,000.00 per year throughout the relevant time period.

17. Phillip P. Madron is the president, treasurer, secretary and owner of Madron Services, Inc. and has joint employer liability based on his exertion of operation control over the corporation. The operational control he exerted and continues to exert over Madron Services, Inc. includes making hiring and firing decisions, establishing pay rates, determining methods of payment and compensation policies and practices, and controlling/establishing company rules. Phillip P. Madron additionally has responsibility for the specific FLSA and NM Wage Law violations at issue. Specifically, Phillip P. Madron: (1) implemented, enforced and continues to enforce the OT Misclassification Policy; (2) instructed Plaintiff and the Class Members to not clock-in when they reported for work; (3) failed to keep proper employment records for Plaintiff and the Class Members; and (4) failed to keep any proper time records for the hours worked by Plaintiff and the Class Members during their employment.

18. Plaintiff worked as a NSFE for Defendants from approximately January 2015 to approximately May 2015.

19. As a NFSE, Plaintiff's primary job duties consisted of the performance of manual and technical labor to provide Defendants' products and services to customers at jobsites.

20. These job duties were routine and rote and did not include the exercise of discretion and independent judgment in respect to matters of significance to Defendants.

21. Plaintiff worked for forty or more hours per workweek in New Mexico during his employment.

22. Defendants did not pay Plaintiff for all overtime hours worked in excess of 40 hours per workweek.

23. Instead of providing Plaintiff with overtime pay, Defendants paid Plaintiff pursuant to the OT Misclassification Policy that paid Plaintiff on a Salary Basis without overtime pay for his many hours of overtime work.

24. Defendants knew that Plaintiff worked in excess of 40 hours per week.

25. Plaintiff is entitled to receive overtime pay for all hours he worked in excess of 40 per workweek.

26. Defendants willfully misclassified Plaintiff as exempt and refused to pay him overtime, despite (1) having awareness of the FLSA's overtime requirements; (2) routinely receiving complaints from Plaintiff and the Class Members regarding their pay and excessive overtime hours; and (3) paying workers who performed substantially similar and non-exempt duties on an hourly/overtime eligible basis, but choosing not to pay Plaintiff overtime.

## VI.   COLLECTIVE AND CLASS ACTION ALLEGATIONS

27. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) and his NM Wage Law claims as a class action pursuant to Federal Rule of Civil Procedure 23.

28. The FLSA Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions. Plaintiff and the FLSA Class Members performed the same or similar duties: The performance of manual and technical labor to provide Defendant's products and services to

customers at jobsites. Defendants subjected Plaintiff and the FLSA Class Members to the same pay provisions: Defendant paid Plaintiffs on a Salary Basis without overtime for all hours worked in excess of 40 hours per workweek.

29. Plaintiff's experience is typical of the experience of the FLSA Class Members. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the FLSA Class Members. All FLSA Class Members are entitled to compensation at a rate of one-and-one-half times their regular rate of pay for hours worked in excess of 40 per workweek regardless of their precise job requirements, job title, or rates or pay. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the FLSA Class Members.

30. Plaintiff brings his class action on behalf of the NM Class Members, which is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

31. The NM Class Members are so numerous that their joinder is impracticable. While the precise number of the NM Class Members is unknown, at least 100 NM Class Members have each worked at least one workweek of more than 40 hours in New Mexico over the past three years.

32. Common questions of law and fact for the NM Class Members predominate over any questions affecting any individual member, including: (1) whether Defendant violated NM Wage Law by failing to pay the NM Class Members overtime compensation for all hours worked in excess of forty in an individual workweek; (2) the proper measure of damages sustained by the NM Class Members; and (3) whether Defendant should be enjoined for such violations in the future.

33. Plaintiff's claims are typical of those of the NM Class Members. Plaintiff and the NM Class Members (1) had the same or similar primary job duties; (2) were classified as exempt; (3) paid on a Salary Basis; (3) worked in New Mexico in at least one workweek for over 40 hours in the

over the last three years; and (4) were denied overtime at a rate of one-and-one half times their regular rates of pay for all overtime hours worked.

34. Plaintiff will fairly and adequately protect the NM Class Members' interests and has retained counsel experienced in complex wage and hour class action litigation.

35. The class action is maintainable under Fed. R. Civ. P. 23(b)(1) because prosecuting separate actions by individual class members across the jurisdictions in which Defendants does business would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for Defendants.

36. The class action is maintainable under subsection (1) of Rule 23(b) because prosecuting separate actions by individual class members across the jurisdictions in which Defendants do business would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for Defendants.

37. This class action is maintainable under subsection (2) of Rule 23(b) because Defendants acted or refused to act on grounds generally applicable to the NM Class Members, making final injunctive and/or declaratory relief appropriate to the NM Class Members as a whole.

38. The class action is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the class members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed NM Class Members to the extent required by Fed. R. Civ. 23(c).

40. The class action is also maintainable under subsection (4) of Rule 23(b) with respect to particular legal and factual issues raised in this litigation.

## VII.   COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

41.     Plaintiff incorporates all allegations previously made in this Complaint.

42.     During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing Plaintiff and the FLSA Class Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay.

43.     Defendants acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## VIII.   COUNT II: VIOLATION OF NM WAGE LAW

44.     Plaintiff incorporates all allegations previously made in this Complaint.

45.     Plaintiff and the NM Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

46.     During the relevant time period, Defendants violated and continue to violate NM Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

47.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the NM Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the NM Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NM Wage Law.

48. Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred pursuant to N.M. Stat. Ann. § 50-4-32.

### IX. RELIEF SOUGHT

49. WHEREFORE, Plaintiff, individually and on behalf of the FLSA Class Members, prays for relief against Defendants as follows in regards to his FLSA collective action claims:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

   b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

   d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

50. WHEREFORE, Plaintiff, individually and on behalf of the NM Class Members, prays for relief against Defendants as follows in regards to his class action complaint:

   a. For an Order Certifying the State Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representatives under NM Wage Law, and for designation of Plaintiff's counsel as class counsel;

b.     For Judgment that Defendants violated NM Wage Law by failing to pay Plaintiff and the NM Class Members overtime compensation;

c.     For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest and all available penalty wages under Wage Law;

d.     For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e.     For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ J. Derek Braziel

**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
**TRAVIS GASPER**
Texas Bar No. 24096881
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24096881
**SIEGEL LAW GROUP PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**