# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JEREMY BELL, and all others similarly
Situated under 29 U.S.C. § 216(b),

    Plaintiffs,

  vs.                                                                    Case No. 17-CV-954 KG/CG

MADRON SERVICES, INC., et al.,

    Defendants.

## ORDER GRANTING STIPULATED MOTION FOR
## NOTICE TO POTENTIAL PLAINTIFFS

THIS MATTER is before the Court on Plaintiff's *Revised Stipulation and Proposed Order Regarding Notice to Potential Plaintiffs* ("Revised Stipulation"), (Doc. 19), filed August 23, 2018. In the Revised Stipulation, the parties request Court approval to conditionally certify this matter as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). The Court, having reviewed the Revised Stipulation, the relevant law, and having been fully and sufficiently advised in the premises, FINDS the Revised Stipulation is well taken and should be GRANTED. The Court therefore conditionally certifies this matter as a collective action, and ORDERS the following:

Defendants are ordered to produce from the company records, the following information to the extent available, including: (1) the names, (2) last known email addresses, (3) phone numbers, and (iv) mailing addresses (collectively, "Employee Information") for the following Class Members:

All of Defendants' current and former non-supervisory field employees paid

1

on a salary basis employed over the past three years. This definition includes such job titles as roustabout, spotter, hand, operator, welder, pusher, inspector, pipe inspector, pumper, laborer, and other job titles performing similar duties that Defendants paid on a salary basis.

Defendants shall provide the Employee Information in an electronic form that can be used by Plaintiff in mailing out the Court-approved Notice. If the information is not stored electronically, Defendants shall provide it in written form. The Employee Information must be provided within fourteen (14) days of the entry of this Order granting the Revised Stipulation. If Defendants fail to provide the Employee Information within fourteen (14) days of the date this Order is entered, the statute of limitations is tolled for each day after the fourteenth (14) day that Defendants fail to provide the Employee Information.

The parties have stipulated that the "Notice" (attached to the Revised Stipulation as Exhibit A) and "Consent" (attached to the Revised Stipulation as Exhibit B) are timely, informative, and accurate. The parties have agreed to use the Notice and Consent as the exclusive means of informing the Class Members of their right to opt into this lawsuit. The Court therefore authorizes that the Notice may immediately be issued to the proposed Class Members in accordance with the below-provided procedure. Plaintiff shall enclose the Consent with a self-addressed, postage paid return envelope for U.S. postal mailing. The Notice and Consent shall be sent by first class mail, email, and text message at Plaintiff's attorney's cost.

The Court permits Plaintiff to send the Notice by text message, by utilizing the following language in the message:

"Records from Madron Services, Inc. show you provided services to the company, received pay on a salary basis and as a result may be eligible to join this unpaid overtime lawsuit. Click below for more information."

The text message shall contain a link to electronic versions of the Notice and Consent. The

potential Class Members shall have sixty (60) days to file the Consent opting-in to this litigation after the date of the initial mailing, e-mailing or texting of the Notice. A Consent postmarked on the deadline is considered timely. Consents received by mail without postmarks shall be considered timely if received within four (4) business days of the deadline. Plaintiff shall provide the Court and opposing counsel with a notice indicating the date on which the Notice was initially mailed, e-mailed, or texted so the Court and the parties are advised of the beginning of the opt-in period.

Plaintiffs' counsel shall date stamp the returned Consents on the day they are received in counsel's office and retain any envelope or other evidence showing the date the Consent was postmarked, fax-stamped, or received. Within 10 days after the close of the opt-in period, Plaintiff's counsel will file the Consents for the opt-in Plaintiffs, noting the received date for each individual on the Notice of Filing. The received date will constitute the date the Consent will be considered filed with the Court for statute of limitations purposes.

Nothing in this Order, the Revised Stipulation, the Notice, or the Consent shall be interpreted as limiting, waiving, or modifying any of the parties' claims and/or defenses. Defendants continue to deny that they have violated the FLSA in any respect.

_____
UNITED STATES DISTRICT JUDGE