IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **JEREMY BELL, and all others similarly situated under 29 USC § 216(b),**<br><br>*Plaintiff*,<br><br>v.<br><br>**MADRON SERVICES, Inc., & PHILLIP P. MADRON, individually,**<br><br>*Defendants*. | Case No. 2:17-cv-954-KG-CG |

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**COMES NOW,** Plaintiff Jeremy Bell, individually and behalf of others similarly situation and files this Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(a).

### I.     SUMMARY

Plaintiff, Jeremy Bell ("Bell") brings this action on behalf of himself and others similarly situation for Defendants' willful violations of the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act (NMMWA"). [ECF 1] Currently, four plaintiffs have opted-in to the suit to recover unpaid overtime wages earned during their employment with Defendants.

Plaintiffs file this Motion to narrow the number of issues to be addressed by the jury.  This Motion sets forth the evidence and arguments showing the Court should find certain issues may

be determined as a matter of law because there is no genuine issue of material fact to be decided by a jury on those issue. Specifically, the Court should hold as a matter of law that:

1. Defendant Philip Madron is an "employer' as defined by the FLSA and may be held liable in his individual capacity;

2. If the jury finds Defendants liable for unpaid overtime wages and awards damages for those unpaid overtime hours, Plaintiffs are entitled to liquidated damages under the FLSA because Defendants cannot meet their burden to plead and prove their affirmative defense under 29 U.S.C. § 260 (good faith and reasonable grounds);

## II.     FACTUAL BACKGROUND

A. <u>Undisputed Facts:</u>

1.      Defendant Phillip Madron ("Madron") was the sole owner and President of Madron Services, Inc. ("Madron Services"). [Ex. A 12:5-18, 35:5-8]. Madron was the owner and CEO of MSI, Inc ("MSI"). [Ex. A 12:5-21]. When it came to the decision to pay Plaintiffs a salary, and not pay them hourly (and therefore entitled to overtime), it was Phil Madron who made the decision, albeit, against his initial preference. [Ex. A 65:7-66:11]. When asked if the decision to pay them a salary was because of legal requirements or because of business reasons, he again explained how the group of workers encompassing the Plaintiffs would not come work for the Defendants unless they were paid a salary, to which he ultimately agreed. [Ex. A 69:21-71:1].

2.      Mr. Madron, as the President or CEO for the Defendant companies had "operational control" over them and and made hiring and firing decisions. [Ex. A 74:13-17]. He also had the authority to establish pay rates for employees. [Ex. A. 74:18-20]. Madron personally had responsibility for keeping up with and complying with the FLSA and the NMMWA. [Ex. A 75:12-22]. He was responsible for implementing the wage practices that deprived Plaintiffs of their overtime pay. [Ex. A. 76:9-77:25]. The ultimate responsibility for keeping documentation to

comply with the law fell to Mr. Madron. [Ex. A 79:8-16]. Mr. Madron would scrutinize payroll, especially during tight times. [Ex. A. 82:24-82:8

3.   Madron had knowledge of the requirements of the FLSA. [Ex. A 56:24-57:2] He gained knowledge of the FLSA from his numerous years as a business owner working in the oilfield services industry. [Ex. A 762-8] Additionally, he has knowledge that an employee's ability to hire and fire other employees is a factor in determining whether or not that employee is exempt under the FLSA. [Ex. A 103:15-17]. Madron was not aware of who, if any, employees hired or fired by any of the plaintiffs in this matter. [Ex. A 105 4-9] Madron testified that the decision to pay the plaintiffs salary was made by Amanda Bell. [Ex. A 68:4-12]

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if the pleadings, the discovery and disclosure materials on file, and any affidavits, show "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. To meet the burden of persuasion required to support summary judgment, the movant must "point to those portions of the record that demonstrate an absence of a genuine issue of material fact, given the relevant substantive law." *Thomas v. Wichita Coca- Cola Bottling Co.,* 968 F.2d 1022, 1024 (10th Cir. 1992). A fact is "material" if under the substantive law it could have an effect on the outcome of the lawsuit. *Equal Emp't Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). A factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).

## IV. Arguments & Authorities

### A.  Mr. Madron is liable as an employer as a matter of law.

The FLSA defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee."[1] Furthermore, the term "person" is also broadly defined under the FLSA to include, inter alia, an "individual."[2] Thus, an individual who acts directly or indirectly in the interest of an employer in relation to an employee, including an individual corporate officer, owner, participating shareholder, manager, or supervisor, may be subject to individual liability for FLSA violations.[3]

In FLSA cases, personal liability has often been imposed on individual officers in a corporation without conducting a traditional veil-piercing analysis. *See, e.g.*, *Saavedra v. Lowe's Home Centers, Inc.*, 748 F. Supp. 2d 1273, 1284 (D.N.M. 2010); *Digiore v. State of Ill.*, 962 F. Supp. 1064, 1080 (N.D. Ill. 1997); *Donovan v. Agnew*, 712 F.2d 1509, 1511–12 (1st Cir. 1983); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 194–95 (5th Cir. 1983), cert. denied, 463 U.S. 1207 (1983); *Marchak v. Observer Publications, Inc.*, 493 F. Supp. 278, 282 (D.R.I. 1980); *Brennan v. Whatley*, 432 F. Supp. 465, 469 (E.D. Tex. 1977); *Hodgson v. Royal Crown Bottling Co.*, 324 F. Supp. 342, 347 (D. Miss. 1970), aff'd, 465 F.2d 473 (5th Cir. 1972); *Schultz v. Chalk–Fitzgerald Construction Co.*, 309 F. Supp. 1255 (D. Mass. 1970).

*Such liability has instead been imposed on the ground that the particular individual falls within the FLSA's definition of "employer" and thus shares statutory obligations with the corporation itself. *See, e.g. Saavedra*, 748 F. Supp. 2d at 1284 ("A person must be an 'employer'

---

[1] 29 U.S.C. §203(d).

[2] *Id*. §203(a). The statute defines person as "an individual, partnership, association, trust, legal representative, or any organized group of persons." *Id*.

[3] See cases cited herein, including, for example, Donovan v. Agnew, 712 F.2d 1509, 1514, 26 WH Cases 466 (1st Cir. 1983) (concluding that corporate officers with significant ownership interests who participated in decision to keep operating despite financial adversity and who controlled employee compensation were employers with personal liability under FLSA, and dismissing bankrupt corporate employer).

within the meaning of the ... FLSA to be held individually liable under [the] statute."); *Digiore*, 962 F. Supp. at 1080 (the FLSA contemplates individual liability under term "employer"); *Donovan*, 712 F.2d at 1511 (imposing liability for FLSA violations upon an individual shareholder as an "employer" within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d)).

The Tenth Circuit has considered numerous factors when determining whether an individual is an "employer" under the FLSA, including whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records. *Hodgson v. Okada*, 472 F.2d 965, 968–69 (10th Cir. 1973); *Mitchell v. Hertzke*, 234 F.2d 183, 189–90 (10th Cir. 1956); *see also Robertson*, 78 F. Supp. 2d at 1150–51; *Herman v. RSR Security Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) ("[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question, ... with an eye to the 'economic reality' presented by the facts of each case."); *Baker v. Flint Eng'g & Const. Co*, 137 F.3d 1436, 1439 (10th Cir. 1998) (applying these factors to assess the employer-employee relationship). Courts have also looked at the level of operational control the individual has over the company, including whether the individual is "involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee.'" *Koellhoffer v. Plotke–Giordani*, 858 F. Supp. 2d 1181, 1189–90 (D. Colo. 2012) (quoting *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008)).

As set forth in paragraph 2 of the Facts section, Mr. Madron, as an individual had operational control, made the pay decisions for the Plaintiffs, was responsible for records, was responsible for compliance, and was involved in scrutinizing payroll. There are no countervailing

facts to render this a question of fact for the jury. Consequently, summary judgment on Mr. Madron's individual liability is warranted.

### B. Plaintiffs are entitled to liquidated damages because Defendants cannot show their actions were taken in good faith or based on reasonable grounds.

"The employer has the plain and substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds . . . [i]n the absence of such a showing the district court has no discretion to mitigate an employer's statutory liability for liquidated damages." *Renfro v. City of Emporia, Kan.*, 948 F.2d 1529, 1540 (10th Cir. 1991).[4]

Without proving good faith, an employer who violates the FLSA is liable for unpaid wages and "an additional equal amount as liquidated damages." § 216(b). These additional "liquidated damages" may only be reduced "if the employer shows **both** that he **acted in good faith** and that he had **reasonable grounds** for believing that his actions did not violate the Act." *Doty v. Elias*, 733 F.2d 720, 725–26 (10th Cir. 1984). But if the employer fails to meet its burden to show **both** subjective good-faith and objectively reasonable behavior, "the duty of the court to award liquidated damages in an amount equal to the unpaid [overtime] [is] ministerial, not discretionary." *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1414 (5th Cir. 1990). And even if the employer meets its stringent burden, the court still retains discretion to award liquidated damages. § 260.

"The good faith defense requires plain and substantial evidence of at least an honest

---

[4] *See also Carley v. Crest Pumping Techs*., LLC, No. MO:15-CV-00161-DC, 2016 WL 8856917, at *4 (W.D. Tex. Oct. 31, 2016) (Crest has not carried its substantial burden to show it acted in good faith and with a reasonable belief that its actions were legal. Although Crombie subjectively believed that not paying cementers overtime was legal at the time he founded Crest, the Court does not believe this subjective belief is objectively justifiable in light of Crest's failure to conduct a comprehensive, documented review of the FLSA-exempt status of cementers—particularly given the workload associated with those positions and the trend in FLSA jurisprudence toward examination of the actual job duties of employees in making exemption decisions.)

intention to ascertain the requirements of the Act and comply with those requirements." Schneider & Stine, WAGE AND HOUR LAW: COMPLIANCE & PRAC. II, § 21:03. Thus, to be eligible for a reduction in liquidated damages, the employer must show it purposefully "engaged in the acts proven to be violations, but did so under a mistaken, although reasonable belief, that its acts were in conformity with the law." *Bernard*, 154 F.3d at 267. An employer cannot meet this burden by "professing ignorance" of the FLSA's requirements. *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1262 (5th Cir. 1986). Rather, an employer has a "duty to investigate potential liability under the FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468-69 (5th Cir. 1979). Thus, "a good heart but an empty head does not produce a defense" to liquidated damages. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 312 (7th Cir. 1986).

Nor does an initial investigation create a lasting shield of good faith. Rather, to avoid liquidated damages the employer must provide "evidence of . . . specific and ongoing efforts to comply with the FLSA." *Bolick v. Mgmt. by Skylane, LLC*, 2008 WL 4589961, at *2 (S.D. Tex. Oct. 14, 2008). In other words, the employer must show a continuing commitment to complying with the law. *Id.*

Likewise, an employer's "reliance on industry standards is not sufficient to prove good faith." *Morley v. Nine Energy Service, LLC*, No. 15-cv-1809, Doc. No. 40 at p. 5 (S.D. Tex. Oct. 31, 2016) (granting oilfield employees' motion for summary judgment on employer's good faith defense where employer claimed its pay practice was proper based on industry standard and failed to adequately investigate its liability under the FLSA).[5] This is not surprising since merely conforming with an industry-wide practice is not good faith. *Reich v. Southern New England*

---

[5] Order attached as Ex. E.

*Telecom. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997).[6]

Instead, good faith "imposes a duty on an employer to investigate potential liability under the FLSA." *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 468-69 (5th Cir. 1979). In short, an employer must demonstrate "specific and ongoing efforts to comply with the FLSA." *Bolick v. Mgmt. by Skylane, LLC*, 2008 WL 4589961, at *1 (S.D. Tex. Oct. 14, 2008).

In the present case, liquidated damages are appropriate because Defendants did not take any steps to determine of their pay scheme complied with the FLSA. When asked about how Plaintiffs were paid vis-à-vis the FLSA's overtime pay requirements, Mr. Madron testified that while he wanted to pay them hourly because their pay would be more closely tied to the amount of work available, but that he ultimately had to agree to put them on salary because that was the only way they would come to work for Defendants. [Ex. A 65:7-66:11; 69:21-71:1]. Absent from any the testimony is any attempt to review the pay practices for compliance with the FLSA. Because no question of fact remains for determination on this issue, the Court should grant summary judgment in favor of Plaintiff on the liquidated damages issue.

                                            Respectfully submitted,

                                            */s/ J. Derek Braziel*
                                            **J. DEREK BRAZIEL**
                                            *Attorney in Charge*
                                            Texas Bar No. 00793380
                                            jdbraziel@l-b-law.com
                                            **ELIZABETH M. BECK**
                                            Texas Bar No. 24097355

---

[6] *See also Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 910 (3rd Cir. 1991) (conformance with "'well-established and widely accepted industry practice' is not ground for finding a reasonable good faith violation of the Act."); *Brock v. Wilamowsky*, 832 F.2d 11, 19-20 (2d Cir. 1987) (same); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 465 (D.C. Cir. 1976), *cert. denied*, 434 U.S. 1086 (1978) ("That an employer and others in the industry have broken the law for a long time without complaints from employees is plainly not the reasonable ground to which the statute speaks.").

beck@l-b-law.com
**BRAZIEL DIXON, LLP**
1910 Pacific Ave., Ste. 12000
Dallas, Texas 75201
(214) 749-1400 phone
(214) 749-1010 fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this January 14, 2021, a copy of the foregoing document was electronically filed and notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

s/ J. Derek Braziel
J. DEREK BRAZIEL